1  LATHAM & WATKINS LLP
     Michael J. Weaver (Bar No. 058581)
2    Colleen C. Smith (Bar. No. 231216)
     Paul K. Finlayson (Bar. No. 259735)
3  600 West Broadway, Suite 1800
   San Diego, California  92101-3375
4  Telephone:  (619) 236-1234
   Facsimile:  (619) 696-7419
5
   Attorneys for Moving Parties
6  Emaar America Corporation, EJL Homes LLC,
   and Emaar LA Properties LLC
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT CALIFORNIA

10                       SACRAMENTO DIVISION

11

12  LIONEL LOMBARD, JR.,                )   CASE NO. 2:10-CV-1740-MCE-GGH
                                        )
13            Plaintiff,                 )   **MOVING PARTIES EMAAR AMERICA**
                                        )   **CORPORATION, EJL HOMES LLC**
14       v.                              )   **AND EMAAR LA PROPERTIES LLC'S**
                                        )   **NOTICE OF MOTION AND MOTION**
15  EMAAR USA, EMAAR PROPERTIES PJSC     )   **TO DISMISS PURSUANT TO FEDERAL**
    d.b.a. EMRILL SERVICES LLC, MOHAMMED )   **RULES OF CIVIL PROCEDURE 12(b)(5),**
16  ALI ALABBAR and DOES 1 to 100,       )   **12(b)(2), 12(b)(3), 12(b)(1) AND 12(b)(6);**
                                        )   **MEMORANDUM OF POINTS AND**
17            Defendants.                )   **AUTHORITIES IN SUPPORT THEREOF**
                                        )
18                                       )
                                        )   Judge:      Hon. Morrison C. England, Jr.
19                                       )   Mag. Judge: Hon. Gregory G. Hollows
                                        )   Date:       December 2, 2010
20                                       )   Time:       2:00 p.m.
                                        )   Place:      Courtroom 7
21                                       )
                                        )   [Declaration and [Proposed] Order Filed
22                                       )   Concurrently Herewith]
                                        )
23                                       )
   ─────────────────────────────────────)
24

25

26

27

28

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 2, 2010, at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable Morrison C. England, Jr., United States District Court for the Eastern District of California, 501 I Street, Sacramento, California, Emaar America Corporation, EJL Homes LLC and Emaar LA Properties LLC (collectively, the "Moving Parties") will, and hereby do, move this Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5), on the ground of insufficient service of process. This motion is brought by and on behalf of the Moving Parties alone, none of which is named as a defendant in Plaintiff's Complaint. This motion does not purport to be brought by or on behalf of, or constitute an appearance by, any of the defendants named in Plaintiff's Complaint.

Only to the extent the Court deems it necessary, and to demonstrate why no leave to allow further attempted service or to provide leave to amend should be permitted, this motion is also brought under Rule 12(b)(2), for lack of personal jurisdiction, Rule 12(b)(3), for improper venue, and Rule 12(b)(1), for lack of subject matter jurisdiction or in the alternative, Rule 12(b)(6), for failure to state a claim.

The motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of this motion, the Declaration of Robert Booth, and all pleadings and papers on file herein, and on such further evidence and argument as may be presented to the Court at or before the hearing on this matter.

Dated: October 27, 2010

Respectfully submitted,

LATHAM & WATKINS LLP

By:_____ /s/ Michael J. Weaver_____

Michael J. Weaver
Colleen S. Smith
Paul K. Finlayson
Attorneys for Moving Parties
Emaar America Corporation, EJL Homes
LLC, and Emaar LA Properties LLC

# TABLE OF CONTENTS

**Page**

I.   BACKGROUND ........................................................................................... 2

     A.   Plaintiff Lombard's Complaint ............................................................ 2

     B.   Corporate Structure Chart .................................................................. 3

     C.   Emaar America Corp., EJL Homes LLC, and Emaar LA
          Properties LLC ....................................................................................... 3

     D.   Defendant "Emaar USA" ..................................................................... 4

     E.   Defendants Emaar Properties PJSC and Emrill Services LLC ...... 5

     F.   Service of Process ................................................................................ 6

II.  ARGUMENT ................................................................................................ 6

     A.   Service of Process on the Moving Parties Is Insufficient............... 6

          1.   No Defendant Entity Was Served with Process ..................... 9

          2.   The Moving Parties Are Not Alter Egos or Agents ............. 10

     B.   The Court Lacks Personal Jurisdiction Over the Defendant
          Entities ................................................................................................... 11

          1.   Lombard Must Prove That the Defendant Entities Have
               the Requisite Minimum Contacts with California ............... 13

          2.   The Defendant Entities Are Not Subject to General
               Personal Jurisdiction in California ........................................ 13

               a.   The Defendant Entities Have No Contacts with
                    the State of California, Much Less "Substantial"
                    or "Continuous and Systematic" Contacts
                    Sufficient To Establish General Personal
                    Jurisdiction ..................................................................... 13

               b.   The Moving Parties Are Not the Alter Egos or
                    Agents of the Defendant Entities ................................. 14

          3.   The Defendant Entities Are Not Subject to Limited or
               Specific Personal Jurisdiction in California ....................... 14

               a.   The Defendant Entities Did Not Purposefully
                    Direct Activities with the State of California or
                    Purposefully Avail Themselves of the Benefits
                    and Protections of the State's Laws ........................... 14

               b.   Lombard's Claims Do Not Arise Out of or Relate
                    to the Defendant Entities' Forum-Related
                    Activities as They Are Entirely Based on

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

i

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

Conduct Alleged to Have Occurred in the UAE
and/or Dubai ................................................................................. 15

    4.      Exercise of Jurisdiction Would Not Be Reasonable As It
Would Not Comport with Fair Play and Substantial
Justice ........................................................................................... 15

C.     Venue Is Improper .................................................................................... 17

D.     Corporate Entities Are Not Subject to Suit Under the TVPA ...................... 18

III.    CONCLUSION ........................................................................................................ 20

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## FEDERAL CASES

*American Tel & Tel. Co. v. Compagnie Bruxelles Lambert*,
94 F.3d 586 (9th Cir. 1996) ............................................................................ 8, 10

*American Tel & Tel. Co. v. Compagnie Bruxelles Lambert*,
95 F.3d 1156 (9th Cir. 1996) ................................................................................ 8

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
1 F.3d 848 (9th Cir. 1993) .................................................................... 12, 15, 16, 17

*ATS Claim, LLC v. Epson (In re TFT-LCD Antitrust Litigation)*,
No. M 07-1827 SI, MDL. No. 1827, No. C 09-1115 SI, 2009 U.S. Dist.
LEXIS 93448, at *7 (N.D. Cal. Oct. 6, 2009) .......................................................... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 19

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) , *cert. denied* 129 S. Ct. 1318 (February 23,
2009) ....................................................................................................... 12, 13, 15

*Bowoto v. Chevron Corp.*,
No. 09-15641, ___ F.3d ___, 2010 WL 3516437, at *6-8 (9th Cir.
September 10, 2010) ............................................................................................ 19

*Brand v. Menlove Dodge*,
796 F.2d 1070 (9th Cir. 1986) ............................................................................. 12

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
406 U.S. 706 (1972) ............................................................................................ 17

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .................................................................................. 11, 14, 15

*Burlington North R.R. Co. v. Ford*,
504 U.S. 648 (1992) ............................................................................................ 17

*Burnham v. Super. Ct.*,
495 U.S. 604 (1990) ............................................................................................ 11

*Calvert v. Huckins*,
875 F. Supp. 674 (E.D. Cal. 1995).................................................................. 7, 8, 9, 10

*Certified Building Products, Inc. v. NLRB*,
528 F.2d 968 (9th Cir. 1976) ................................................................................. 8

*Crayton v. Rochester Med. Corp.*,
2008 U.S. Dist. LEXIS 71084, at *8-9 (E.D. Cal. August 8, 2008) ......................... 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

iii

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

*Doe v. Nestle, S.A.*, No. CV 05-5133 SVW (JTLx),
2010 U.S. Dist. LEXIS 98991, at *168 (C.D. Cal. September 8, 2010)..............................19

*Doe v. Unocal Corp.*,
248 F.3d 9156 (9th Cir. 2001) ......................................................................................7

*Dole Food Co., Inc. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ....................................................................................11

*Fields v. Sedgwick Associated Risks, Ltd.*,
796 F.2d 299 (9th Cir. 1986) ......................................................................................12

*Gator.com Corp. v. L.L. Bean, Inc.*,
341 F.3d 1072 (9th Cir. 2003) ....................................................................................12

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*,
988 F.2d 476 (3d Cir. 1993)..........................................................................................6

*Gravel v. P.T. Bakrie & Bros.*,
986 F. Supp. 1326 (C.D. Cal. 1996) .............................................................................7

*Gravely Motor Plow & Cultivator Co. v. H.V. Carter Co.*,
193 F.2d 158 (9th Cir. 1951) ........................................................................................7

*Gray & Co. v. Firstenberg Mach. Co.*,
913 F.2d 758 (9th Cir. 1990) ......................................................................................15

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
No. C-07-06222 RMW, 2010 U.S. Dist. LEXIS 64025, at *19-20 (N.D. Cal.
June 14, 2010).............................................................................................................9

*Hanson v. Denckla*,
357 U.S. 235 (1958) ...................................................................................................16

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, Ltd.*,
328 F.3d 1122 (9th Cir. 2003) ...........................................................................passim

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ...................................................................................................11

*Hickory Travel Systems, Inc. v. TUI AG*,
213 F.R.D. 547 (N.D. Cal. 2003)........................................................................7, 9, 10

*Holland America Line Inc. v. Wartsila North Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) ......................................................................................14

*Hope v. Otis Elevator Co.*,
389 F. Supp. 2d 1235 (E.D. Cal. 2005) .......................................................................18

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945) .............................................................................................11, 13

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984)....................................................................................................14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

iv

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

*King v. Russell,*
    963 F.2d 1301 (9th Cir. 1992) ........................................................................ 18

*Kiobel v. Royal Dutch Petroleum Co.,*
    Docket Nos. 06-4800-cv, 06-4876-cv (2d Cir. Sept. 17, 2010) ........................... 19

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994) ........................................................................................ 18

*Kramer Motors, Inc. v. British Leyland, Ltd.,*
    628 F.2d 1175 (9th Cir. 1980) ........................................................................... 8

*Lake v. Lake,*
    817 F.2d 1416 (9th Cir. 1987) ................................................................... 12, 15

*Larson v. Conewango Prods.,*
    2010 U.S. Dist. LEXIS 26636, at *5-6 (E.D. Cal. March 18, 2010) ..................... 6

*Leatt Corp. v. Innovative Safety Tech., LLC,*
    No. 9-cv-1301-IEG, 2010 U.S. Dist. LEXIS 71362, at *10-11 (S.D. Cal. July
    15, 2010) .......................................................................................................... 8

*Mid-Continent Wood Products, Inc. v. Harris,*
    936 F.2d 297 (7th Cir. 1991) .................................................................... 6, 7, 9

*Mizokami Bros. of Arizona, Inc. v. Baychem Corp.,*
    556 F.2d 975 (9th Cir. 1977) ............................................................................ 7

*Murphy v. Schneider Nat'l, Inc.,*
    362 F.3d 1133 (9th Cir. 2004) ......................................................................... 18

*Norlock v. City of Garland,*
    768 F.2d 654 (5th Cir. 1985) ............................................................................ 6

*Pebble Beach Co. v. Caddy,*
    453 F.3d 1151 (9th Cir. 2006) ......................................................................... 13

*Perkins v. Benguet Consol. Mining Co.,*
    342 U.S. 437 (1952) ........................................................................................ 11

*Piedmont Label Co. v. Sun Garden Packing Co.,*
    598 F.2d 491 (9th Cir. 1979) ........................................................................... 18

*Reeder v. Knapik,*
    No. 07-CV-362-L(LSP), 2007 U.S. Dist. LEXIS 40675, at *3 (S.D. Cal.
    June 5, 2007) .................................................................................................... 9

*Rio Properties, Inc. v. Rio Intern. Interlink,*
    284 F.3d 1007 (9th Cir. 2002) ............................................................... 7, 11, 13

*Ruhrgas AG v. Marathon Oil Co.,*
    526 U.S. 574 (1999) ........................................................................................ 11

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004) ..................................................................... 12, 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

v

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

*SEC v. Ross,*
    504 F.3d 1130 (9th Cir. 2007) ............................................................. 6

*Stock West, Inc. v. Confederated Tribes of Coville Reservation,*
    873 F.2d 1221 (9th Cir. 1989) ............................................................. 19

*Transure, Inc. v. Marsh & McLennan, Inc.,*
    766 F.2d 1297 (9th Cir. 1985) ............................................................. 7

*Tuazon v. R.J. Reynolds Tobacco Co.,*
    433 F.3d 1163 (9th Cir. 2005) ................................................. 11, 12, 13

*Valdez v. United States,*
    837 F. Supp. 1065 (E.D. Cal. 1993), *aff'd,* 56 F.3d 1177 (9th Cir. 1995) ............ 19

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980) ............................................................. 11

*Ziegler v. Indian River County,*
    64 F.3d 470 (9th Cir. 1995) ............................................................. 16

### STATE CASES

*Sonora Diamond Corp. v. Super. Ct.,*
    83 Cal. App. 4th 523 (2000) ............................................................. 8

### FEDERAL STATUTES

28 U.S.C. § 1350 ............................................................. 19

28 U.S.C. § 1391(a)(1)-(3) ............................................................. 17, 18

28 U.S.C. § 1391(b)(1) ............................................................. 17, 18

28 U.S.C. § 1391(b)(2) ............................................................. 17, 18

28 U.S.C. § 1391(b)(3) ............................................................. 17, 18

28 U.S.C. § 1406(a) ............................................................. 18

### STATE STATUTES

Cal. Bus. & Prof. Code § 17200 et seq. ............................................................. 3

### FEDERAL RULES

Fed. R. Civ. P. 12(b)(1) ............................................................. 2, 19, 20

Fed. R. Civ. P. 12(b)(2) ............................................................. 1, 15, 20

Fed. R. Civ. P. 12(b)(3) ............................................................. 2, 20

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

vi

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1  Fed. R. Civ. P. 12(b)(5).................................................................................................passim

2  Fed. R. Civ. P. 12(b)(6)..........................................................................................2, 19, 20

3  Fed. R. Civ. P. 4..........................................................................................................6, 11

4  Fed. R. Civ. P. 4(e)(1)........................................................................................................6

5  Fed. R. Civ. P. 4(h)........................................................................................................6, 9

6  Fed. R. Civ. P. 4(h)(1)(A)..................................................................................................6

7  Fed. R. Civ. P. 4(h)(1)(B)..................................................................................................6

8                          **OTHER AUTHORITIES**

9
   S. Rep. No. 102-249, at 7, 102d Cong., 1st Sess. (1991)...........................................19
10
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

The manner in which Plaintiff Lionel Lombard, Jr. ("Lombard") and his counsel have brought and served this action is hopelessly mired in confusion. As this motion will demonstrate, Lombard has attempted to serve his complaint on strangers to the dispute in a thinly veiled effort to find some basis for jurisdiction over issues that, if they exist anywhere, belong in a foreign jurisdiction rather than in the United States. Lombard's insufficient service of process and defective complaint have necessitated this costly motion brought by Emaar America Corporation, EJL Homes LLC and Emaar LA Properties LLC (collectively, the "Moving Parties"), none of which is named as a defendant, but upon each of which Lombard apparently intended to serve his complaint. This service on remote affiliates of unnamed subsidiaries does not provide Lombard with a basis for his unmeritorious action.

Critically, Lombard has not even *attempted* to effectuate service on any of the defendants actually named in the Complaint. Although the Complaint names "Emaar USA," Emaar Properties PJSC d.b.a. Emrill Services LLC (collectively, the "Defendant Entities"), and Mohammed Ali Alabbar as defendants, the Moving Parties are not aware of any effort by Lombard to serve any of these named defendants.[1]

Because Lombard's service was upon the Moving Parties, none of which is a defendant, the Court should dismiss the Complaint pursuant to Rule 12(b)(5). Further, there is no reason for the Court to permit Lombard to attempt to re-serve the Complaint, as it should still be dismissed on numerous other grounds:

The Complaint should be dismissed under Rule 12(b)(2) because the Court lacks personal jurisdiction over the Defendant Entities. None of them is incorporated within, organized under, or conducting business in the state of California. With the exception of "Emaar USA," all of the Defendant Entities are located outside the United States and have principal places of business in the United Arab Emirates (UAE) and Dubai. The Complaint refers to "the Emaar USA division"

---

[1] Moreover, because there is simply no evidence that Lombard has either attempted to or actually served Mohammed Ali Alabbar, this motion does not—and indeed cannot—address any possible challenges to service of process, personal jurisdiction, venue, subject matter jurisdiction, or other allegations in the Complaint as they relate to Mohammed Ali Alabbar.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

1

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

and alleges "Emaar conducts business in the United States under the divisional name 'Emaar USA'" without specifying what *legal entity*, if any, is being sued. As this motion will demonstrate, Emaar USA is not incorporated, organized or otherwise recognized under the laws of any state or district in the United States. Rather, Emaar USA is a geographical description, rather than a separate legal entity, which refers to those business activities undertaken in the United States by subsidiaries of Emaar International LLC, a subsidiary of Emaar Properties PJSC that is neither named as a defendant in, nor referenced by the Complaint.

Lombard's apparent attempt to establish personal jurisdiction over the Defendant Entities by virtue of the Moving Parties' presence in California fails because personal jurisdiction over subsidiary or affiliate entities is presumed separate from personal jurisdiction over parent or other affiliate entities. Jurisdiction over a parent corporation by virtue of the activities of a subsidiary or affiliate can only be established through the "alter ego" or the "agency" limited exceptions to this presumption of corporate separateness, which do not apply in this case.

Additionally, the Court should also dismiss the Complaint under Rule 12(b)(3) because venue is improper. Lombard ostensibly predicates venue on the allegation that "Emaar USA is located in, does business in, and has major business contacts, corporate ties and engages in business activities in this district." Insofar as Emaar USA is merely a geographical description and not a cognizable legal entity, Lombard has failed to establish proper venue.

Finally, even were the Court to disregard the clear defects in service of process, corporate entities, including the Defendant Entities, are not subject to suit under the TVPA, and the Court should dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, for failure to state a claim under Rule 12(b)(6).

## I.    BACKGROUND

### A.    Plaintiff Lombard's Complaint

The Complaint does not name any of the Moving Parties, but instead names Emaar USA, Emaar Properties PJSC d.b.a. Emrill Services LLC and Mohammed Ali Alabbar as defendants, and alleges "grave violations" of standards of international law, which Lombard contends he

///

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

2

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1  suffered "at the hands of Defendants and their agents in the United Arab Emirate (referred to

2  herein as 'the UAE' or 'Emirate')." Dkt. No. 1, Complaint ("Compl.") at ¶ 2.

3       All of the harm Lombard purportedly suffered is alleged to have occurred in the UAE

4  and/or in Dubai. *Id.* ¶¶ 11-12, 18-57. Lombard alleges claims under the TVPA for causes of

5  action including torture, cruel, inhuman, and degrading punishment, prolonged arbitrary

6  detention and forced disappearance. *Id.* ¶¶ 58-73.

7       None of the harm is alleged to have occurred in the United States or in California. *Id.*

8  Despite this, Lombard raises various state law claims, including battery, assault, intentional

9  infliction of emotional distress, false imprisonment, negligence and negligent supervision, and

10  violations of California Business & Professions Code § 17200 et seq. *Id.* ¶¶ 74-99.

11       **B.**    **Corporate Structure Chart**

12       For the Court's convenience in analyzing the discussion that follows, a graphic

13  representation of the corporate structure of the Defendant Entities, reflecting their corresponding

14  lack of relation to the Moving Parties, is filed concurrently herewith. Declaration of Robert

15  Booth ("Booth Decl."), Ex. A (Corporate Structure Chart).

16       **C.**    **Emaar America Corp., EJL Homes LLC, and Emaar LA Properties LLC**

17       Emaar America Corporation, EJL Homes LLC and Emaar LA Properties LLC are all

18  organized under the laws of Delaware and registered to do business in California. *Id.* ¶¶ 7-8, 10-

19  11, 13-14. Each of these Moving Parties uses Corporation Service Company as its respective

20  registered agent for service of process in California. *Id.* ¶ 2. Each of these Moving Parties is

21  referenced in the Complaint but not named as a defendant therein. Compl. ¶¶ 7, 13-14.

22       None of the Moving Parties is directly owned by Emaar Properties PJSC. Booth Decl.,

23  Ex. A. Instead, each Moving Party is owned by other subsidiaries of subsidiaries thereof. *Id.*;

24  *see also id.* ¶¶ 9, 12, 15. As such, each Moving Party is multiple levels removed from, but

25  ultimately a subsidiary of, Emaar Properties PJSC. However, the Moving Parties maintain

26  corporate formalities with and from the Defendant Entities. Emaar America Corporation, as a

27  corporation organized under the laws of the state of California, has its own Board of Directors.

28  *Id.* ¶ 40. The Moving Parties, through their respective officers and/or managing agents, each

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

3

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

conduct their own regular and special meetings, separate and apart from those meetings, if any, conducted by the Defendant Entities. *Id.* ¶ 41. Each Moving Party has officers and/or managing agents who have the authority to manage, and do manage, where necessary, day-to-day business activities, such as: (1) acquisition, leasing, rental, sales and other dispositions of real property, equipment, and other assets, including advertising, marketing, promotion, distribution and sales with respect to the same; (2) hiring, management, compensation and termination of employees, agents or independent contractors, including negotiation of salary, wage, bonus and severance; (3) implementation of local corporate policies, including operational, human resources, marketing, sales and other policies; (4) creation and/or maintenance of independent bank accounts; (5) creation and/or maintenance of independent corporate books and records; (6) generation of income from business activities; and/or (7) payment of expenses from business activities, each separate and apart from those comparable day-to-day business activities, if any, managed or undertaken by the Defendant Entities. *Id.* ¶ 42. Finally, none of the Moving Parties co-mingles funds with the funds, if any, of the Defendant Entities. *Id.* ¶ 43.

### D. Defendant "Emaar USA"

The Complaint alleges that "Defendant Emaar Properties ('Emaar') is a Dubai-based Public Joint Stock Company and one of the world's largest real estate companies… Emaar conducts business in the United States under the divisional name 'Emaar USA.'" Compl. ¶ 13. The Complaint also refers to Emaar USA as "the Emaar USA division." *Id.* ¶ 14.

Emaar USA, however, is not an existing legal entity. Rather, Emaar USA is a geographical description, rather than a separate legal entity, which refers to those business activities undertaken in the United States by subsidiaries of Emaar International LLC, a subsidiary of Emaar Properties PJSC that is neither named as a defendant in, nor referenced by the Complaint. Booth Decl. ¶¶ 16-17. As Emaar USA is neither incorporated, organized or otherwise recognized under the laws of any state, its "existence" is pure fiction. *Id.*

/ / /

/ / /

/ / /

LATHAM&WATKINS ᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

4

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

## E. Defendants Emaar Properties PJSC and Emrill Services LLC

The Complaint alleges that "Defendant Emaar Properties ('Emaar') is a Dubai-based Public Joint Stock Company and one of the world's largest real estate companies." Compl. ¶ 13. It further alleges that "Defendant Emrill Services LLC is a joint venture between Al Futtaim Group of Dubai, Carillion PLC, a United Kingdom based construction company and Emaar and is based in the UAE." *Id.* ¶ 16.

Emaar Properties PJSC is a Public Joint Stock Company organized under the laws of the UAE and Dubai, with a principal place of business therein. Booth Decl. ¶¶ 18-28. Emaar Properties PJSC does not have, and has never appointed, a registered agent for service of process in California. *Id.* It is not incorporated, organized or otherwise registered to do business under the laws of the state of California. *Id.* It does not directly sell or lease any products, provide any goods or services, or otherwise conduct business in California. *Id.* It does not directly advertise, market, promote or solicit business in California. *Id.* It does not have an internet website that targets individuals in California. *Id.* It does not directly earn any income from California. *Id.* It does not have any employees, offices, property, telephone directory listing, or mailing address in California. *Id.* It does not have any bank accounts in California. *Id.* It does not directly have any assets in California. *Id.*

Emrill Services LLC is a limited liability company and affiliate of Emaar Properties PJSC. *Id.* ¶¶ 29-39. Emaar Properties PJSC holds a one-third ownership interest in Emrill Services LLC. *Id.* Emrill Services LLC is organized under the laws of the UAE and Dubai, and has a principal place of business therein. *Id.* It does not have, and has never appointed, a registered agent for service of process in California. *Id.* It is not incorporated, organized or otherwise registered to do business under the laws of the state of California. *Id.* It does not sell or lease any products, provide any goods or services, or otherwise conduct business in California. *Id.* It does not advertise, market, promote or solicit business in California. *Id.* It does not have an internet website that targets individuals in California. *Id.* It does not earn any income from California. *Id.* It does not have any employees, offices, property, telephone

/ / /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

directory listing, or mailing address in California. *Id.* It does not have any bank accounts in California. *Id.* It does not have any assets in California. *Id.*

### F.    Service of Process

The Complaint was filed July 7, 2010, but Lombard did not attempt service of process until October 6, 2010, some three months later. *Id.* ¶ 3. On October 6, 2010, Lombard attempted service of process in California by serving the summons and the complaint upon Corporation Service Company (CSC), the registered agent for service of process for each of the Moving Parties in California. *Id.* ¶ 2. It was unclear at the time of this attempted service, and remains unclear, upon which of the Moving Parties Lombard intended to attempt service. *Id.* ¶ 3. The Moving Parties bring this motion under the assumption that Lombard intended to attempt service of process on each of them individually. Regardless of whether Lombard intended to attempt service on only one, two, or all of the Moving Parties, the Complaint must be dismissed.

## II.    ARGUMENT

### A.    Service of Process on the Moving Parties Is Insufficient

The Court may dismiss a Complaint under Rule 12(b)(5) for insufficient service of process. It is the plaintiff's burden to prove that proper service has been made. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985); *Larson v. Conewango Prods.*, 2010 U.S. Dist. LEXIS 26636, at *5-6 (E.D. Cal. March 18, 2010); *Crayton v. Rochester Med. Corp.*, 2008 U.S. Dist. LEXIS 71084, at *8-9 (E.D. Cal. August 8, 2008).

Service of process is the "means by which a court asserts its jurisdiction over the person." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Strict compliance is required with the rules governing the manner of service. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) (strict compliance not excused simply because the defendant had notice of the lawsuit and the actual service came "reasonably close" to satisfying Rule 4's requirements).[2]

---

[2]    Rule 4(h) provides two ways of effectuating service. First, it permits service under Rule 4(e)(1) in accordance with the procedures of the state in which the federal court sits. Second, it permits service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…." Fed. R. Civ. P. 4(h)(1)(A)-(B) .

SD\729483.11

Even where a defendant has actual notice of a lawsuit, this does not cure otherwise defective service or render the complaint immune from dismissal. *Mid-Continent Wood Products, Inc.*, 936 F.2d at 301.

Critically, under California law, "service on a subsidiary does not constitute service on a parent corporation, even if the subsidiary is considered to be an 'alter-ego' of the parent corporation." *Gravel v. P.T. Bakrie & Bros.*, 986 F. Supp. 1326, 1330-31 (C.D. Cal. 1996) (citing *Gravely Motor Plow & Cultivator Co. v. H.V. Carter Co.*, 193 F.2d 158, 161 (9th Cir. 1951), disapproved on other grounds by *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002); *see also Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 553 (N.D. Cal. 2003) (citing *Gravel* and noting that federal courts interpreting California state law service of process provisions "have found them to create no procedure for serving a foreign corporation by serving its domestic subsidiary."). The *Hickory* court noted that if state law does not permit service of process, "federal courts addressing this issue have used jurisdictional analysis to determine whether service on a subsidiary counts as service upon its parent," requiring the plaintiff to "demonstrate either that the subsidiary functions as the parent's agent or as its alter ego." *Id.* at 552-53 (citations omitted).

It is well settled, though, that a mere parent-subsidiary or affiliate relationship does not establish personal jurisdiction over the non-resident entity. *See, e.g.*, *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1134-35 (9th Cir. 2003); *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001); *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297 (9th Cir. 1985) (no personal jurisdiction simply because subsidiaries conducted business in California, where parent company did not); *Mizokami Bros. of Arizona, Inc. v. Baychem Corp.*, 556 F.2d 975, 977 (9th Cir. 1977) (same); *Hickory*, 213 F.R.D. at 553 ("federal courts have generally respected corporate efforts to maintain separate identities, and will not pierce the formalities of separation merely because of a showing of complete ownership"); *Calvert v. Huckins*, 875 F. Supp. 674, 678-79 (E.D. Cal. 1995) ("it is well settled that the mere presence of a subsidiary in a forum state will not suffice to establish personal jurisdiction over a nonresident parent company . . . 'There is a presumption of corporate separateness that must be overcome by

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

7

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

clear evidence that the parent in fact controls the activities of the subsidiary.'") (citations

omitted). Rather, the plaintiff must make a prima facie showing that the parent company so

completely dominates the subsidiary that the two entities operate as one, such that the subsidiary

is the alter ego or agent of the parent.

To establish that a subsidiary is the "alter ego" of a parent entity, the plaintiff must

demonstrate that the parent possesses an unusual level of control over the day-to-day operations

of the subsidiary and disregard corporate formalities. *Certified Building Products, Inc. v. NLRB*,

528 F.2d 968, 969 (9th Cir. 1976); *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 9-cv-1301-

IEG, 2010 U.S. Dist. LEXIS 71362, at *10-11 (S.D. Cal. July 15, 2010) ("what is necessary is

such 'control over day-to-day activities' as to render one entity 'the mere instrumentality' of the

other.") (citations omitted). The Ninth Circuit has recognized that the alter ego theory should

rarely be applied, e.g., only when recognition of the subsidiary as a separate corporate entity

would work an injustice. *American Tel & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d

586, 591 (9th Cir. 1996), supplemented on other grounds, 95 F.3d 1156 (9th Cir. 1996) .

Specifically, where the subsidiary and parent observe corporate formalities and the

subsidiary is responsible for its own day-to-day operations, keeps its own records and account

books, and the parent has limited fiscal oversight, the alter ego exception will not apply. *See,

e.g.*, *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177-78 (9th Cir. 1980) (alter

ego exception inapplicable where "[t]he parent and subsidiary have dealt with each other as

distinct corporate entities" and there was no evidence the parent company controlled "the

internal affairs of [the subsidiary] or determine[d] how it operate[d] on a daily basis."); *Calvert*,

875 F. Supp. at 678-79 (alter ego exception inapplicable since there was no showing that the

parent corporations controlled "how the [subsidiary] will be operated on a day-to-day basis")

(citation omitted); *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 539 (2000)

(quoting *Calvert* and noting "[a]lter ego is an extreme remedy, sparingly used").

To establish that a subsidiary is the "agent" of a parent entity, the plaintiff must

demonstrate that the subsidiary (1) is subject to the parent's control, (2) acts for the benefit of the

parent, and (3) undertakes activities that would otherwise have to be performed by the parent.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

8

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

*Harris Rutsky*, 328 F.3d at 1134-35.  Where a subsidiary maintains its own facilities, pays its own employees and distributes its own products, the agency exception will not apply.  *See, e.g., id.*; *Halo Elecs., Inc. v. Bel Fuse Inc.*, No. C-07-06222 RMW, 2010 U.S. Dist. LEXIS 64025, at *19-20 (N.D. Cal. June 14, 2010); *Calvert*, 875 F. Supp. at 679.

### 1. No Defendant Entity Was Served with Process

Service of process has neither been attempted nor has it been effectuated on any of the Defendant Entities named in the Complaint.  Booth Decl. ¶¶ 4-5.  Rather, service of process was attempted on the Moving Parties, none of which is named as a defendant.  This is insufficient under both California state law[3] and under Rule 4(h).

As noted, courts have repeatedly held that "strict compliance" with Rule 4 is required. *See, e.g., Mid-Continent Wood Products, Inc.*, 936 F.2d at 301; *ATS Claim, LLC v. Epson (In re TFT-LCD Antitrust Litigation)*, No. M 07-1827 SI, MDL. No. 1827, No. C 09-1115 SI, 2009 U.S. Dist. LEXIS 93448, at *7 (N.D. Cal. Oct. 6, 2009) ("it is well-established that a defendant's actual notice of pending litigation is not sufficient to satisfy the requirements of Rule 4 (citations).  Service of process in accordance with the rules is still required."); *Reeder v. Knapik*, No. 07-CV-362-L(LSP), 2007 U.S. Dist. LEXIS 40675, at *3 (S.D. Cal. June 5, 2007).  Here, Lombard has failed to meet these requirements, insofar as he has failed to deliver, by personal service, a copy of the summons and of the complaint to an officer, managing or general agent of the Defendant Entities, or to another agent authorized by appointment or by law to receive service of process on behalf thereof.

None of the Defendant Entities have registered agents in the state of California.  As noted, all of the Defendant Entities are foreign corporations or limited liability companies located in the UAE and Dubai, with principal places of business therein.  Emaar USA is simply a geographic description, rather than a separate legal entity, which lacks the capacity to sue or be sued.  Because none of the Defendant Entities has been served with the Complaint,  the Court should dismiss the action pursuant to Rule 12(b)(5).

---

[3]   As noted, California law provides "no procedure for serving a foreign corporation by serving its domestic subsidiary."  *Hickory*, 213 F.R.D. at 552.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

9

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

## 2. The Moving Parties Are Not Alter Egos or Agents

This conclusion does not change simply because the Moving Parties are ultimately subsidiaries or affiliates of Defendant Entities. It is long recognized that a parent-subsidiary or affiliate relationship does not render one entity an authorized agent for another. Instead, it is Lombard's burden as plaintiff to make a prima facie showing that the Defendant Entities so completely dominated the Moving Parties that the entities operated as one, such that the Moving Parties could be considered "alter egos" or "agents" of the parent to render service of process upon a subsidiary sufficient. *Hickory*, 213 F.R.D. at 553.

Lombard neither has made, nor can make, the requisite showing. First, as indicated extensively by the Declaration of Robert Booth, the Moving Parties observe appropriate corporate formalities with and from the Defendant Entities. Booth Decl. ¶¶ 40-43. Each Moving Party is responsible for its own day-to-day operations, maintains its own corporate records and accounts and prepares and implements its own local corporate policies and procedures. As such, the rarely applied alter ego exception, which the Ninth Circuit has noted should only be considered when recognition of the subsidiary as a separate corporate entity would work an injustice, is inapplicable. *American Tel & Tel. Co.,* 94 F.3d at 591.

Similarly, the agency theory is inapplicable. Each Moving Party undertakes its own business activities in California, which include acquisition and maintenance of its own property and office facilities, hiring and compensation of its own employees and agents, and distribution, marketing and sales of its own products and services. Lombard has not established, nor can he establish the stringent requirements necessary to disregard the strong presumption that Moving Parties are separate corporate existences and thereby "pierce the corporate veil" to impute the attempted service of process on the Moving Parties to the Defendant Entities. *Harris Rutsky*, 328 F.3d at 1134-35; *Calvert*, 875 F. Supp. at 678 ("Underlying both of these factors is a general presumption in favor of respecting the corporate entity. Disregarding the corporate entity is recognized as an extreme remedy, and 'courts will pierce the corporate veil only in exceptional circumstances.'") (citation omitted).

/ / /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

10

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1    Because the Defendant Entities were not served with process consistent with the strict

2    requirements of Rule 4, the Moving Parties are not the appointed agents for service of process

3    for the Defendant Entities, and neither the alter ego nor the agency exceptions are applicable, the

4    Court should dismiss the Complaint for insufficient service of process pursuant to Rule 12(b)(5).

5    **B.    The Court Lacks Personal Jurisdiction Over the Defendant Entities**

6        Personal jurisdiction refers to a court's power to render judgment against a defendant.

7    *Burnham v. Super. Ct.*, 495 U.S. 604, 609-10 (1990).  Absent personal jurisdiction, a court

8    cannot render judgment against a defendant without violating that defendant's due process rights.

9    *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

10       The plaintiff bears the burden of proof necessary to establish that the court has

11   jurisdiction.  *Rio Properties, Inc.*, 284 F.3d at 1019; *Dole Food Co., Inc. v. Watts*, 303 F.3d

12   1104, 1107 (9th Cir. 2002).  The plaintiff must make out a prima facie showing of admissible

13   evidence sufficient to establish personal jurisdiction.  *Harris Rutsky*, 328 F.3d at 1129.

14       For a non-resident defendant, the plaintiff must make out a prima facie demonstration

15   that the defendant has "certain minimum contacts with [the forum state] such that the

16   maintenance of the suit does not offend traditional notions of fair play and substantial justice."

17   *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks

18   omitted); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 478 (1985) (contacts

19   must be "meaningful" and "sufficient."); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

20   286, 297 (1980) ("[T]he defendant's conduct and connection with the forum [s]tate are such that

21   [the defendant] should reasonably anticipate being haled into court there.").

22       To carry its burden, the plaintiff must show that the nature and quality of a non-resident

23   defendant's contacts are sufficient to establish either "general" or "limited" or "specific"

24   personal jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414

25   n. 8-9 (1984).   For general personal jurisdiction, the plaintiff must make a prima facie showing

26   that a non-resident defendant's contacts with the state are "substantial" or "continuous and

27   systematic."  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2005) (citing

28   *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) and *Helicopteros*).  As noted in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

11

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

*Tuazon*, "courts have been understandably reluctant to exercise general jurisdiction." 433 F.3d at 1172. The plaintiff must also establish that exercise of jurisdiction is "reasonable" and not a denial of "fair play and substantial justice." *See Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.2 (9th Cir. 1993).

The requirement of "substantial" contacts "is intended to be a fairly high standard." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986); *see also Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir. 1986). Accordingly, general personal jurisdiction typically *cannot* be asserted unless the defendant is a resident of or, in the case of a corporate defendant, has its principal place of business in the forum state. *E.g.*, *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075-76 (9th Cir. 2003) (general jurisdiction requires that "[t]he contacts with the forum state must be of a sort that 'approximate physical presence.'") (citation omitted); *see also Amoco*, 1 F.3d at 851 n.3 (declining to assume general jurisdiction "even where the contacts were quite extensive").

In the absence of general jurisdiction, a non-resident defendant nevertheless may be subject to specific jurisdiction under certain circumstances, subject to the requirements of constitutional due process. For limited or specific personal jurisdiction, courts apply a three-part test to determine whether exercise of jurisdiction over a non-resident defendant is appropriate:

> (1)     the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)     the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)     the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008), *cert. denied* 129 S. Ct. 1318 (February 23, 2009); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). It is well established that "[t]he plaintiff bears the burden on the first two prongs." *Boschetto*, 539 F.3d at 1016. If the plaintiff

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

12

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1  fails to make the requisite showing, "the jurisdictional inquiry ends and the case must be

2  dismissed." *Id.* (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)).

3         **1.**       **Lombard Must Prove That the Defendant Entities Have the Requisite Minimum Contacts with California**

4

5        Emaar USA is merely a geographical description, rather than a separate legal entity,

6  which has no contacts with, principal place of business in, or registered agent for service of

7  process for the state of California.  Similarly, the remaining Defendant Entities are not, and have

8  never been incorporated, organized or otherwise registered as business entities in California.

9  Emaar Properties PJSC is a Public Joint Stock Company organized under the laws of the UAE

10  and Dubai, with a principal place of business therein.  Emrill Services LLC is a limited liability

11  company organized under the laws of the UAE and Dubai, also with a principal place of business

12  therein.  As such, all of the Defendant Entities are either non-existent or located and conducting

13  business outside the United States and California.

14        This Court may therefore exercise personal jurisdiction over the Defendant Entities only

15  if Lombard makes a prima facie showing that the Defendant Entities have sufficient "minimum

16  contacts" as contemplated by the U.S. Supreme Court in *Int'l Shoe* and its progeny.  Lombard

17  bears this burden of proof, *see Rio Properties, Inc.*, 284 F.3d at 1019; *Harris Rutsky*, 328 F.3d at

18  1129, a burden he cannot carry given the facts of this case.

19         **2.**       **The Defendant Entities Are Not Subject to General Personal Jurisdiction in California**

20

21             **a.**      **The Defendant Entities Have No Contacts with the State of California, Much Less "Substantial" or "Continuous and Systematic" Contacts Sufficient To Establish General Personal Jurisdiction**

22

23

24        As a geographic description, rather than a cognizable legal entity, Emaar USA has no

25  contacts with California, much less "substantial" or "continuous and systematic" contacts

26  necessary for general personal jurisdiction.  *Tuazon*, 433 F.3d at 1171.

27        Similarly, Defendants Emaar Properties PJSC and Emrill Services LLC have no contacts

28  with California sufficient to support general personal jurisdiction.  These entities also have never

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1    had principal places of business in California.  Emaar Properties PJSC and Emrill Services

2    LLC's lack of contacts with California are enumerated in detail *supra* I(E).

3        In short, Lombard cannot make a prima facie showing that *any* of the Defendant Entities

4    has or ever had "substantial" or "continuous and systematic" contacts with California sufficient

5    to support general personal jurisdiction.

6                    **b.      The Moving Parties Are Not the Alter Egos or Agents of the**
                          **Defendant Entities**
7

8        Personal jurisdiction over a non-resident defendant corporation is not established simply

9    because a subsidiary thereof is subject to the court's jurisdiction.  Mere presence of subsidiaries

10   within a forum state does not subject a parent or affiliate entity to personal jurisdiction.  *Keeton*

11   *v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984).  Rather, "where a parent and a subsidiary

12   are separate and distinct corporate entities, the presence of one… in a forum state may not be

13   attributed to the other" for purposes of personal jurisdiction.  *Holland America Line Inc. v.*

14   *Wartsila North Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).

15       As demonstrated *supra*, II(A), Lombard has not established, and cannot establish that the

16   Moving Parties were the alter ego or agent of the Defendant Entities.  Thus, the Court lacks

17   personal jurisdiction over the Defendant Entities.

18               **3.      The Defendant Entities Are Not Subject to Limited or Specific**
                       **Personal Jurisdiction in California**
19

20                   **a.      The Defendant Entities Did Not Purposefully Direct Activities**
                          **with the State of California or Purposefully Avail Themselves**
21                        **of the Benefits and Protections of the State's Laws**

22       Lombard has failed to establish that any of the Defendant Entities purposefully directed

23   actions to California or purposefully availed themselves of the benefits and protections of

24   California law such that exercise of specific personal jurisdiction would satisfy due process.

25       The "'purposeful availment' requirement ensures that a defendant will not be haled into a

26   jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, . . . or of the

27   'unilateral activity of another party or a third person. . . .'"  *Burger King*, 471 U.S. at 475

28   (citations and footnotes omitted).  Thus, specific personal jurisdiction is proper only when "the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

14

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1 defendant 'deliberately' has engaged in significant activities within a State, . . . or has created

2 'continuing obligations' between himself and residents of the forum." *Id.*

3       Here, none of the harm upon which Lombard's claims are predicated is even alleged to

4 have occurred in the *United States*, much less in California, a point the Complaint makes

5 abundantly clear. Instead, all of the harm purportedly suffered by Lombard is alleged to have

6 occurred in the UAE and/or in Dubai. Compl. ¶¶ 11-12, 18-57, 58-73.

7       Accordingly, the Complaint entirely fails to satisfy the "purposeful direction" or

8 "purposeful availment" requirements of the limited or specific jurisdictional test, upon which

9 plaintiff bears the burden of proof. *Boschetto*, 539 F.3d at 1016 (if the plaintiff fails to make the

10 requisite showing, "the jurisdictional inquiry ends and the case must be dismissed");

11 *Schwarzenegger*, 374 F.3d at 802; *Lake*, 817 F.2d at 1421.

12
13
14

        **b.**     **Lombard's Claims Do Not Arise Out of or Relate to the Defendant Entities' Forum-Related Activities as They Are Entirely Based on Conduct Alleged to Have Occurred in the UAE and/or Dubai**

15       Furthermore, the Complaint cannot support limited or specific personal jurisdiction

16 insofar as the claims alleged do not arise out of or relate to any forum-related activities. *Gray &*

17 *Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). The majority of Lombard's

18 claims are based on the TVPA, for causes of action including torture, cruel, inhuman, and

19 degrading punishment, prolonged arbitrary detention and forced disappearance. Compl. ¶¶ 58-

20 73. These claims, of course, do not arise out of or relate to any forum-related activities, as the

21 Complaint itself concedes: the conduct all occurred in the UAE and/or Dubai, not in the United

22 States or California. *Id.* Simply put, Lombard cannot carry his burden of proof, and the Court

23 should dismiss the Complaint pursuant to Rule 12(b)(2).

24
25

      **4.**     **Exercise of Jurisdiction Would Not Be Reasonable As It Would Not Comport with Fair Play and Substantial Justice**

26       Finally, even if this Court decides that the Defendant Entities are subject to California's

27 general or specific jurisdiction, it must decline to exercise jurisdiction because to do so would

28 not be reasonable. *Amoco*, 1 F.3d at 851. Courts consider several factors by which to assess the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

15

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1    reasonableness of jurisdiction:  (1) The existence of an alternative forum; (2) the litigants'

2    relative burdens from suit in the forum state as compared to the alternative forum; (3) the

3    potential for conflict with the sovereignty of the defendant's state; (4) the forum state's interest

4    in adjudicating the dispute; and (5) the public and private interest in resolving the dispute

5    expeditiously.  *Id.* at 852-53.  These factors weigh heavily against exercise of jurisdiction.

6        The relative burdens resulting from suit in the Eastern District of California favor the

7    Defendant Entities.  *Id.* at 852-853.  The Defendant Entities are all located in the UAE and

8    Dubai, thus it would be extremely inconvenient and burdensome to litigate claims in the Eastern

9    District of California.  By contrast, litigation in the UAE and Dubai would be considerably less

10   burdensome for the Defendant Entities, which all have principal places of business therein.

11   Regardless of whether litigation in the courts of the UAE and Dubai is burdensome for Lombard,

12   "this factor tips in favor of the defendant[] because the law of personal jurisdiction is 'primarily

13   concerned with the defendant's burden.' "  *Ziegler v. Indian River County*, 64 F.3d 470, 475 (9th

14   Cir. 1995).

15       Additionally, the potential for conflict with the sovereignty of the Defendant Entities'

16   state resulting from exercise of jurisdiction weighs in the Defendant Entities' favor.  *Amoco*, 1

17   F.3d at 852.  Particularly as the Defendant Entities are corporations or limited liability companies

18   of "a foreign nation rather than another state, . . . the sovereignty barrier is high and undermines

19   the reasonableness of personal jurisdiction."  *Id.*

20       Furthermore, California's interest in adjudicating this dispute is minimal.  For personal

21   jurisdiction purposes, courts typically consider the state's interest meaningful only when the in-

22   state effects are of a nature "that the [s]tate treats as exceptional and subjects to special

23   regulation."  *Hanson v. Denckla*, 357 U.S. 235, 252 (1958).  Lombard's claim in this case is

24   under federal law and does not implicate any special California regulatory scheme.  Furthermore,

25   Lombard is not even a California resident.  California's interest in adjudicating this dispute is

26   nonexistent.

27       Finally, the UAE and Dubai would be the most efficient forum for resolution of this

28   dispute, particularly in light of the location of much of the pertinent evidence and witnesses

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

16

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

likely to have discoverable information. *Amoco*, 1 F.3d at 852. Lombard's allegations arise from conduct alleged to have occurred exclusively in the UAE and Dubai. There is no question that this location would be the most efficient place in which to litigate this dispute.

In short, these factors strongly weigh in the Defendant Entities' favor. Accordingly, even if personal jurisdiction otherwise would be proper, this Court should decline to exercise jurisdiction because doing so would be unreasonable under the circumstances.

## C. Venue Is Improper[4]

Venue determines the propriety of suit before a particular federal court. It is entirely governed by statute. *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 709 (1972). In contrast to jurisdiction, venue is predicated on administrative considerations designed to "reflect equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial." *Burlington North R.R. Co. v. Ford*, 504 U.S. 648, 650-51 (1992).

Venue in federal question cases is proper only in (1) a district where any defendant resides, if all defendants reside in the same state; (2) a district in which a "substantial part of the events or omissions" on which the claim is based occurred, or a "substantial part of property" that is the subject of the action is located; or (3) if there is no district in which the action may otherwise be brought, the district "in which any defendant may be found." 28 U.S.C. § 1391(b)(1)-(3) .

Where subject matter jurisdiction is based *solely* on diversity of citizenship, venue is proper only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a "substantial part of the events or omissions" giving rise to the claim occurred, or a "substantial part of property" that is the subject of the action is situated; or (3) a judicial district in which any defendant is "subject to personal jurisdiction at the time the action is commenced," if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a)(1)-(3).

/ / /

---

[4]    By making this argument, the Moving Parties do not concede the propriety of service or the Court's personal or subject matter jurisdiction in this action.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

1    The plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun*

2    *Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Hope v. Otis Elevator Co.*, 389 F. Supp.

3    2d 1235, 1243 (E.D. Cal. 2005).  To meet this burden, the plaintiff must make a prima facie

4    showing of proper venue. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir.

5    2004).  If the court determines venue is improper, it may dismiss the action or, if in the interest

6    of justice, transfer the case to any district in which it could have been originally brought.  28

7    U.S.C. § 1406(a); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

8        Venue herein is clearly improper. First, 28 U.S.C. § 1391(b)(1) is inapplicable because

9    there is no state in which all of the Defendant Entities reside.  Indeed, the Defendant Entities are

10   all either non-existent or located internationally in the UAE and Dubai.  Second, subdivision

11   (b)(2) is inapplicable because there is no district in which a "substantial part of the events or

12   omissions" on which the claim is based occurred.  As discussed at length with respect to lack of

13   limited or specific personal jurisdiction, the claims raised in the Complaint are entirely based on

14   conduct which occurred in the UAE and/or in Dubai.  No alleged harm was suffered as a result

15   of conduct which occurred anywhere in the United States, much less in the Eastern District of

16   California.  Third, subdivision (b)(3) , upon which Lombard apparently predicates proper venue,

17   is simply a red herring.  Emaar USA is a mere geographic description which is not "found" in

18   any district in the United States, including in the Eastern District of California.  Venue is

19   therefore improper in the Eastern District of California.

20       Furthermore, even if Lombard's claim against the Defendant Entities under the TVPA

21   were to be dismissed and the Complaint left predicated on subject matter jurisdiction based on

22   diversity of citizenship, venue is still improper.   As demonstrated *supra* II(B), there is no

23   judicial district in which any Defendant Entity is "subject to personal jurisdiction at the time the

24   action [was] commenced" as contemplated by subdivision (a)(3) of § 1391.

25       **D.    Corporate Entities Are Not Subject to Suit Under the TVPA**

26       Federal courts are presumptively without jurisdiction over civil actions, and the burden of

27   establishing the contrary rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins.*

28   *Co. of Am.*, 511 U.S. 375, 376-78 (1994); *see also Stock West, Inc. v. Confederated Tribes of*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

18

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

1  *Coville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *Valdez v. United States*, 837 F. Supp.

2  1065, 1067 (E.D. Cal. 1993), *aff'd*, 56 F.3d 1177 (9th Cir. 1995).

3  In this case, Lombard alleges a claim against the Defendant Entities under the TVPA.

4  Compl. ¶ 8.  The TVPA imposes civil liability on "(a)n individual who, under actual or apparent

5  authority, or color of law, of any foreign nation" subjects an individual to torture or an

6  extrajudicial killing.  28 U.S.C. § 1350 note § 2(a).  As such, only "an individual" may be sued

7  under the TVPA, which is confirmed by reference to the legislative history.  *See* S. Rep. No.

8  102-249, at 7, 102d Cong., 1st Sess. (1991) ("The legislation uses the term 'individual' to make

9  crystal clear that foreign states or their entities cannot be sued under this bill under any

10  circumstances: only individuals may be sued.").  Congress has not created jurisdiction over

11  TVPA claims against corporate entities, which therefore cannot be sued under the TVPA.[5]

12  "The overwhelming majority of courts have concluded that only natural persons, not

13  corporations, may be held liable under the Torture Victim Protection Act."  *Doe v. Nestle, S.A.*,

14  No. CV 05-5133 SVW (JTLx), 2010 U.S. Dist. LEXIS 98991, at *168 (C.D. Cal. September 8,

15  2010) (citing numerous decisions); *see also Bowoto v. Chevron Corp.*, No. 09-15641, ___ F.3d

16  ___, 2010 WL 3516437, at *6-8 (9th Cir. September 10, 2010) ("the plain language of the TVPA

17  does not allow for suits against a corporation" and "does not permit corporate liability under any

18  theory.")

19  Lombard cannot establish that the Court has subject matter jurisdiction over these claims.

20  Accordingly, the Court should dismiss these claims pursuant to Rule 12(b)(1).  Furthermore,

21  even if the Court were to conclude otherwise, it should nonetheless dismiss these claims pursuant

22  to Rule 12(b)(6), insofar as Lombard has failed to state a claim upon which relief can be granted.

23  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting "a plaintiff's obligation to provide

24  the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

25  formulaic recitation of the elements of a cause of action will not do…").  Even if the Court

26  accepts Lombard's allegations as true, he cannot recover against the Defendant Entities.

27

28

---

[5]  *Id.*; *see also Kiobel v. Royal Dutch Petroleum Co.*, Docket Nos. 06-4800-cv, 06-4876-cv (2d Cir. Sept. 17, 2010) (dismissing claims against corporation under 28 U.S.C. § 1350 for lack of subject matter jurisdiction).

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

19

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH

## III. CONCLUSION

For the foregoing reasons, Moving Parties Emaar America Corporation, EJL Homes LLC and Emaar LA Properties LLC respectfully request that the Court dismiss the Complaint for insufficient service of process pursuant to Rule 12(b)(5), as none of the Moving Parties is named as a defendant in the Complaint.

Furthermore, there is no need to permit amended service, as Lombard has not demonstrated, nor can he demonstrate, that the Court has personal jurisdiction over the named defendants, that venue is proper, that the Court has subject matter jurisdiction over Lombard's claim, and that this claim is one upon which relief can be granted. Accordingly, the Court should deny any request for amended service and should dismiss the Complaint pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(1) and/or 12(b)(6).

Dated: October 27, 2010

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____ /s/ Michael J. Weaver _____
Michael J. Weaver
Colleen S. Smith
Paul K. Finlayson
Attorneys for Moving Parties
Emaar America Corporation, EJL Homes
LLC, and Emaar LA Properties LLC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\729483.11

20

Moving Parties' Motion to Dismiss
Case No. 2:10-cv-1740-MCE-GGH